UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| HERNAN CALLEJAS ) | Case No. 08-13919-SSM |
| ) | Chapter 7 |
| Debtor ) | |

**MEMORANDUM OPINION AND ORDER
DISAPPROVING REAFFIRMATION AGREEMENT**

A hearing was held on October 7, 2008, to review a presumption of undue hardship with respect to a reaffirmation agreement filed on August 20, 2008, between the debtor and GMAC in the amount of $30,159.51 with respect to a 2004 Cadillac Escalade motor vehicle. The debtor was present in person with his attorney. The creditor was not present.

The agreement would obligate the debtor to make 51 monthly payments of $760.49 beginning July 13, 2008, as well as arrears of $798.23. The debtor's statement in support of the reaffirmation agreement represents that his monthly take-home pay is $1,480 and that his monthly expenses total $1,909, leaving <u>negative</u> $429.00 with which to make the payments. The debtor states, however, that the joint owner of the vehicle, Arnoldo S. Esquivel, has always made the payments and will continue to do so. The debtor's attorney, who represented him in the negotiation of the agreement, signed the required certification that the agreement did not impose an undue hardship on the debtor or any dependent of the debtor, and that, although a presumption of undue hardship had been established with respect to the agreement, he believed the debtor could make the payments.

At the hearing, the debtor explained that he was simply an accommodation party with respect to the purchase of the vehicle—which he does not drive—because the co-owner's credit was not good enough to qualify for financing. The value of the vehicle, as shown on the debtor's schedules, is $24,900 (approximately $6,000 less than the amount being reaffirmed) and the purchase date for the vehicle is shown as August 2007.

A reaffirmation agreement is presumed to be an undue hardship if the debtor's monthly expenses exceed his or her monthly income. § 524(m), Bankruptcy Code. The presumption may be rebutted if the debtor provides a written explanation that identifies "additional sources of funds" to make the required payments. The income of another party may, in appropriate circumstances, constitute a satisfactory "additional source of funds," but only if the court is satisfied that the other person is both motivated to provide the funds and financially capable of doing so. Since Mr. Esquivel is co-liable on the obligation and is the person actually using the vehicle, the court can assume he would be motivated to make the payments in order to retain the use of the vehicle. The problem is that the court has no information concerning Mr. Esquivel's financial capability. Indeed, the fact that he needed the debtor's credit in order to qualify for the financing suggests that he is not strong financially. In this case, moreover, the remaining term of the loan is relatively long, and even if all payments have been made so far, the track record of only one year's payments is insufficient to give the court confidence that Mr. Esquivel will be able to make the remaining payments. Put another way, much can go wrong in four years, including job loss and illness. The court is given even greater pause by the fact that the reaffirmation agreement includes a schedule for cure of an existing arrearage. On balance—and even giving substantial weight to the opinion of the debtor's attorney that the agreement would

not impose a hardship on his client—the court cannot find that the presumption of undue hardship has been satisfactorily rebutted. It is, accordingly,

**ORDERED:**

1. The reaffirmation agreement between the debtor and GMAC is disapproved.

2. The court makes no determination whether the disapproval of the reaffirmation agreement would permit GMAC to accelerate the payments and repossess the vehicle if payments are in fact current and the vehicle is insured. *See In re Husain*, 364 B.R. 211 (Bankr. E.D. Va. 2007) (Huennekens, J.) (holding that court's refusal to approve a reaffirmation agreement was not a failure under § 521(d) to comply with the agreement, and any ipso facto clause in underlying installment loan contract therefore remained unenforceable, and creditor could not repossess car so long as payments were current and vehicle remained insured). The court simply notes that in this case there is a co-obligor who has not filed for bankruptcy, and that it is at least doubtful whether a bankruptcy default clause, even if otherwise enforceable, would apply when only one of two or more joint obligors had filed for bankruptcy.

3. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____        _____
                                                                    Stephen S. Mitchell
Alexandria, Virginia                                          United States Bankruptcy Judge

Copies to:

Derek Keith Prosser, Esquire
Property & Estate Law PLC
14100 Parke Long Crt., Suite A
Chantilly, VA 20151
Counsel for the debtor

Hernan Callejas
805 South Roanoke Ct.
Sterling, VA 20164
Debtor

GMAC
Attn: K. Pearson, Bkcy Spec.
P.O. Box 130424
Roseville, MN 55113

Richard A. Bartl, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 S. Washington St., Suite 216
Alexandria, VA  22314
Chapter 7 trustee